

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00437-CR

---

BRIANE MOSS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-408,577, Honorable William R. Eichman II, Presiding

---

June 25, 2019

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Briane Moss, appeals the trial court's judgment revoking her deferred adjudication community supervision and adjudicating her guilty of the offense of evading arrest using a vehicle.[1]  The trial court sentenced appellant to ten years' confinement, but suspended the sentence in favor of community supervision for five years.  Appellant's brief was originally due April 5, 2019.  We granted appellant's counsel two extensions to

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016).

file a brief. By letter of June 4, 2019, we notified appellant's counsel that the brief was overdue and admonished him that failure to file a brief by June 14 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. *See* TEX. R. APP. P. 38.8(b)(2), (3). To date, appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      whether appellant is indigent;

3.      whether appellant's counsel has abandoned the appeal;

4.      why a timely appellate brief has not been filed on behalf of appellant;

5.      whether appellant has been denied the effective assistance of counsel;

6.      whether new counsel should be appointed; and

7.      if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by July 25, 2019. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint her new counsel; the name, address, email address, phone number, and state bar number of any newly-appointed counsel shall be included in the aforementioned findings. Should further

time be needed to perform these tasks, then same must be requested before July 25, 2019.

It is so ordered.

Per Curiam

Do not publish.